USDC SCAN INDEX SHEET

















BJR    12/29/00    9:55

3:00-CV-02586   HERTZ V. FRONTIER INS CO

*1*

*CMP.*

Harvey R. Levine (State Bar No. 16879)
Craig A. Miller (State Bar No. 116030)
LEVINE, STEINBERG, MILLER & HUVER
550 West C Street, Suite #1810
San Diego, California 92101-4157
(619) 231-9449

FILED

00 DEC 28 PM 1:03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff

BY: B. Reed DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM F. HERTZ, II

    Plaintiff,

v.

FRONTIER INSURANCE COMPANY,
NAC REINSURANCE CORPORATION,
MILLENNIUM TELEVISION NETWORK,
INC., and DOES 1 through 30,
inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. '00 CV 2586 K (JAH)

COMPLAINT FOR:
(1) ENFORCEMENT OF PAYMENT
BOND; AND (2) FRAUD

DEMAND FOR JURY TRIAL

Plaintiff WILLIAM F. HERTZ, II complains and alleges as follows:

JURISDICTION

1.    Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes and upon such information and belief alleges that defendant FRONTIER INSURANCE COMPANY, (hereinafter "FRONTIER") is, and at all times herein mentioned was, a corporation incorporated under the laws of the State of New York and authorized to engage and engaged in the surety insurance business in the State of California.

3.    Plaintiff is informed and believes and upon such information and belief alleges that defendant NAC REINSURANCE CORPORATION, (hereinafter "NAC")



-1-

1 is, and at all times herein mentioned was, a corporation incorporated under the

2 laws of the State of New York and authorized to engage and engaged in the

3 surety insurance business in the State of California.

4     4.    Plaintiff is informed and believes and upon such information and belief

5 alleges that defendant MILLENNIUM TELEVISION NETWORK, INC. (hereinafter

6 "MTN") is, and at all times herein mentioned was, a corporation incorporated

7 under the laws of the State of Delaware and authorized to engage and engaged

8 in business in the State of California.

9     5.    Plaintiff is informed and believes and upon such information and belief

10 alleges that at all times herein mentioned, defendants and each of them were Co-

11 Sureties, principals, representatives, shareholders, agents, servants and/or

12 employees of the remaining defendants, and were at all times acting within the

13 purpose and scope of the aforesaid relationships, in concert and with the

14 authorization, consent and ratification of all the other defendants.

15     6.    Plaintiff is ignorant of the true names and capacities of the defendants

16 sued herein as DOES 1 through 30, inclusive, and therefore sues such defendants

17 by such fictitious names. Plaintiff will amend this complaint to allege their true

18 names and capacities when the same have been ascertained. Plaintiff is

19 informed and believes and upon such information and belief alleges that each of

20 the fictitiously named defendants are sued as Co-Sureties, principals,

21 representatives, shareholders, agents, servants and/or employees and were, at

22 all times herein mentioned, acting within the purpose and scope of the aforesaid

23 relationships, in concert and with the authorization, consent and ratification of all

24 the other defendants.

25     7.    The matter in controversy, exclusive of interest and costs, exceeds

26 the sum of $75,000. The court has diversity jurisdiction pursuant to Title 28

27 U.S.C. section 1332(a)(1).

28

VENUE

8     Venue is proper in the Southern District of California under 28 USC section 1391(a)(3).   This action is also a "related case" as three other cases previously filed in this district appear to arise out of the same or substantially identical transactions, happenings or events, involve substantially the same parties and likely would entail undue and unnecessary duplication of labor if heard by a different judge.

FIRST CAUSE OF ACTION
ENFORCEMENT OF PAYMENT BOND

9.     Plaintiff incorporates by reference, as if set forth in full, allegations 1 through 8.

10.    On or about May 20, 1999, FRONTIER and NAC as Surety/Co-Surety and  MTN as principal, duly executed Payment Bond No. 143968 in the sum of $10,000,000.00.   (A true and correct copy of the Payment Bond is attached hereto as Exhibit "A" and incorporated herein by reference as if set forth in full).

11.    At all times herein the Payment Bond was in full force and effect.

12.    At all times herein the Payment Bond was intended to inure and did inure to the benefit of plaintiff, herein.

13.    MTN  hired plaintiff as Chief Operating Officer, General Counsel and Associate Producer in connection with a 24 hour global telecast of the Millennium New Year.   The telecast was designed to originate from approximately 120 countries throughout the world, and included acclaimed musical artists such as N'SYNC, Aerosmith, Clint Black and Santana. In his role as Chief Operating Officer, General Counsel and Associate Producer, plaintiff was responsible for negotiating contracts and agreements pertaining to the Millennium telecast,  administering all daily operations of the Millennium telecast, and legal oversight pertaining to the Millennium telecast.

14.    In exchange for the foregoing services, work and labor, MTN promised

-3-

to pay plaintiff and plaintiff agreed to accept the sum of $400,000.00 for one year, plus back pay and reimbursement of all pre-approved expenses.

15. Plaintiff performed all services, work and labor required of him to be performed by MTN.

16. MTN failed to pay plaintiff for all of the services, work and labor he performed as Co-Executive Producer of the Millennium telecast.

17. As a direct and proximate result of MTN's failure to pay for all of plaintiff's services, work and labor, FRONTIER and NAC became legally bound to pay and are bound to pay plaintiff the sum of $149,000, plus expenses and costs. 18. In or about April, 2000, plaintiff orally presented to FRONTIER and NAC his claim for payment under Payment Bond No. 143968.

19. FRONTIER and NAC breached the terms of Payment Bond No. 143968 by rejecting plaintiff's claim in its entirety.

SECOND CAUSE OF ACTION
FRAUD

20. Plaintiff incorporates by reference, as if set forth in full, allegations 1 through 8 and allegations 10-19.

21. During the negotiations for and at the time of the execution of Payment Bond 143968, FRONTIER and NAC represented and positively asserted that, should MTN fail to pay for any services, work or labor done on the Millennium telecast, FRONTIER and NAC, as sureties/Co-sureties, would be bound to pay and pay all such persons.

22. When made, the representations of FRONTIER and NAC, as set forth above, were false and known by them to be false.

23. The representations of FRONTIER and NAC, as set forth above, were made (a) with the intent that they would be repeated and acted upon; (b) under such circumstances that FRONTIER and NAC reasonably anticipated that plaintiff would hear and act upon them; and/or (c) with the intent of inducing plaintiff to

-4-

1    act upon them to his prejudice by performing services, work and labor on the

2    Millennium telecast.

3        24.    Plaintiff justifiably relied upon the representations of FRONTIER and

4    NAC, and was induced thereby to perform services, work and labor on the

5    Millennium telecast.

6        25.    As a direct and proximate result of the conduct of FRONTIER and

7    NAC, plaintiff sustained harm in an amount according to proof at time of trial.

8        26.    As a further direct and proximate result of the conduct of FRONTIER

9    and NAC, plaintiff suffered anxiety, worry, mental and severe emotional distress,

10   all to his general damage in an amount to be determined at the time of trial.

11       27.    The acts hereinabove alleged were done with a conscious disregard

12   of the rights and safety of plaintiff, and constitute malice, fraud and oppression,

13   thereby entitling plaintiff to recover punitive damages under Civil Code section

14   3294 in an amount to punish and deter the defendants and each of them.

15       28.    The acts hereinabove alleged were done with a conscious disregard

16   of the rights and safety of plaintiff and constitute malice, fraud and oppression,

17   thereby entitling plaintiff to recover prejudgment interest under Civil Code Section

18   3291.

19       29.    Plaintiff is informed and believes and thereon alleges that the conduct

20   of FRONTIER and NAC as described herein was undertaken by its officers and/or

21   managing agents. The aforesaid conduct was therefore undertaken on behalf of

22   FRONTIER and NAC. FRONTIER and NAC further had advance knowledge of the

23   actions and conduct of said individuals whose actions and conduct were ratified,

24   authorized and approved by managing agents.

25       WHEREFORE, plaintiff prays for judgment against defendants and each of

26   them as follows:

27           1.    For special damages in the amount in excess of $149,000;

28           2.    For general damages;

2.    For interest;

3.    For costs of suit;

4.    For reasonable attorney's fees;

5.    For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated:  December 28, 2000            LEVINE, STEINBERG, MILLER & HUVER


                                     By: _____
                                         Harvey R. Levine
                                         Craig A. Miller
                                         Attorneys for Plaintiff

## Payment Bond

**FRONTIER INSURANCE COMPANY**
195 Lake Louis Marie Road
ROCK HILL, NEW YORK 12775-8000
(A STOCK COMPANY)

*NAC REINSURANCE CORPORATION*
One Greenwich Plaza
GREENWICH, CONNECTICUT 06836
(A STOCK COMPANY)

PAYMENT BOND NO. 143968

KNOW ALL MEN BY THESE PRESENTS: that we, Millennium Television Network, Inc., a Delaware corporation, as Principal, and Frontier Insurance Company and NAC Reinsurance Corporation, a corporation of the State of New York, (hereinafter called Co-Surety), as Co-Surety are jointly and severally held and firmly bound, unto any and all persons, companies, or corporations who perform work or labor on, or furnish materials, provisions, provender or other supplies, or the use of implements or machinery used or to be used, in the event or services hereinafter mentioned, in the sum of Ten Million and no/100 Dollars ($10,000,000.00), for which payment, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

SEALED with our seals and dated this 20th day of May, 1999.

THE CONDITIONS OF THIS OBLIGATION ARE SUCH THAT, WHEREAS, the above bounden Principal has a Production Agreement for airing the 24-hour "Millennium World Broadcast" on or about December 31, 1999 (hereinafter called the Telecast).

NOW, THEREFORE, if the said Principal, shall fail to pay for any materials, provisions, provender or other supplies or for the use of implements or equipment, used or to be used, in, upon, for, or about, the production of said Telecast or for any work or labor done thereon of any kind, the said Co-Surety, Frontier Insurance Company and NAC Reinsurance Corporation, will pay the same amount not exceeding the sum named upon this bond, and this bond shall inure to the benefit of any and all persons, companies, and corporations entitled to file claims under which the said contract, subcontract or purchase order was awarded to claimant for the Telecast as aforesaid by the Principal.

PROVIDED FURTHER, all suits at law or proceedings in equity to recover on this bond must be instituted prior to December 31, 2000.

PRINCIPAL:

MILLENNIUM TELEVISION NETWORK
  INC., {SEAL}

By: _Harold T. Leplunger_
Title: _CHIEF EXECUTIVE OFFICER_
       _(CEO)_

CO-SURETY:

FRONTIER INSURANCE COMPANY
{SEAL}

By: _Brandie Conklin_
    Brandie Conklin, Attorney-in-Fact

CO-SURETY:
NAC REINSURANCE CORPORATION

By: _Christine Cahill_
    Christine Cahill, Attorney-in-Fact

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**
WILLIAM F. HERTZ, II

**DEFENDANTS**
FRONTIER INSURANCE COMPANY, NAC
REINSURANCE CORP., MILLENNIUM TELEVISION
NETWORK, INC., and DOES 1-30, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Los Angeles County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CRAIG A. MILLER
LEVINE, STEINBERG, MILLER & HUVER
550 WEST C STREET, STE 1810
SAN DIEGO, CALIFORNIA 92101
(619) 231-9449

ATTORNEYS (IF KNOWN)

FILED 00 DEC 28 PM 1:01
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**'00 CV 2586 K (JAH)**

**II.  BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V.  REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $** 331,670    Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) ENFORCEMENT OF PAYMENT BOND; FRAUD.
28: 1332 oc

**VII.  NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☒ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | |
| | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? __x__ No _____ Yes
If yes, list case number(s): _____

CV71 (8/99)    CIVIL COVER SHEET - Continued on Reverse    Page 1 of 2

FOR OFFICE USE ONLY:  ☐ Pro Hac Vice fee:  ☐ paid  ☐ not paid
Applying IFP _____  Judge _____  Mag. Judge _____

67106  NO

CCD-JS44